**In re the Petition of DIANE MAJHOR for Extraordinary Relief.**

High Court of American Samoa
Appellate Division

AP No. 09-05

December 13, 2005

Before KRUSE, Chief Justice.

Counsel: For Diane Majhor, Paul F. Miller

ORDER DENYING PETITION FOR EXTRAORDINARY RELIEF

Diane Majhor ("Petitioner") petitions this Court to exercise its jurisdiction to issue a writ of mandamus in CR Nos. 15-03 and 20-03. Petitioner seeks to compel the dismissal of all criminal charges against her—specifically, two counts of tampering with physical evidence in connection to her alleged role in the murder of Wyatt Bowles, Jr. (CR

No. 15-03), and one count of possession of methamphetamine with intent to distribute (CR No. 20-03). Petitioner claims as the basis for this petition the following: (1) she is being held under excessive bail; (2) she has been denied her right to a speedy trial; and (3) she has been subject to cruel and unusual punishment.

## Discussion

A.S.C.A. § 3.0202(a) provides that the High Court of American Samoa may issue "all writs . . . as may be required for the due administration of justice." Moreover, T.C.R.C.P. 88 states that "[r]eview of acts or failures to act by the Trial Division is had in the Appellate Division of the High Court." In the Appellate Division, procedures for extraordinary writs are to conform with T.C.R.C.P. 87-102. A.C.R. 21. The Court may grant, grant in part, or deny a petition for extraordinary relief. T.C.R.C.P. 92. If the petition is granted, a hearing is subsequently scheduled. T.C.R.C.P. 94-96. Based on the above statute and rules, we clearly have the power to entertain petitions for extraordinary relief and issue writs when appropriate.

■ With respect to writs of mandamus, the Supreme Court has held that the power to grant or withhold a writ of mandamus is committed to the sound discretion of the court. *Kerr v. United States Dist. Court*, 426 U.S. 394, 403 (1976). However, for an appellate court to issue a writ of mandamus, it must have the power to entertain appeals in that case at some stage in the proceedings. *See LaBuy v. Howes Leather Co.*, 352 U.S. 249, 255 (1957). Because we would plainly have jurisdiction over an appeal from a final order in either case, we clearly have the power to issue a writ of mandamus here.

■ However, the petition before us is so deficient that review of the merits of Petitioner's claims is not possible. As stated above, when seeking an extraordinary writ from this Court, petitioners must comply with the procedures set forth in T.C.R.C.P. 87 *et seq*. Petitioner fails to adhere to any of these procedures: the correct papers are missing; the caption is incorrect; the proper respondent is not identified; the legal analysis and factual background are insufficient; a showing that other forms of relief are unavailable is absent; and service on the respondent (and any other real party in interest) is lacking. Petitioner and her counsel's attention are directed to Rule 87 *et seq*. As an initial matter, Petitioner needs to show that she has no other adequate forms of relief. *See* T.C.R.C.P. 90(e); *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (citing *Kerr*, 426 U.S. at 402-03); *Soli Corp. v. Amerika Samoa Bank*, 24 A.S.R.2d 166, 167 (App. Div. 1993) (mandamus is available only if other forms of relief are unavailable).

■ Second, Petitioner should provide legal analysis directed specifically to the issuance of a writ of mandamus. Citing seminal cases on the right to bail and right to speedy trial, without establishing their connection to mandamus proceedings, provides no grounds for relief. Instead, Petitioner would do well to supply authority that supports issuing a writ of mandamus in circumstances identical or analogous to those at hand.

■ Third, Petitioner must provide the Court with an adequate record. The absence of information as to how long Petitioner has been awaiting trial, whether she has asserted her right to a speedy trial, or the amount of bail she is being held under, precluded any informed assessment of her claims. Likewise, an absence of facts fails to put the opposing party, the American Samoa Government, on notice. As a general rule, a brief before the High Court's appellate division should always provide a detailed factual record from which the opposing party can understand the nature and basis of the relief requested.

■ Lastly, Petitioner must properly state her prayer for relief. A writ of mandamus does not provide relief in itself. Rather, it *orders the lower court* to perform a particular duty or grant a specified relief. Thus, a writ of mandamus cannot, as Petitioner requests, order the dismissal of all criminal charges against her.

Petitioner's request for extraordinary relief is, at this time, denied.

It is so ordered.